# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3546

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Vicente Maldonado-Vega, a/k/a | * | |
| Vicente Maldonado Vega, a/k/a | * | [UNPUBLISHED] |
| Vicente Vega Maldonado, | * | |
| | * | |
| Defendant – Appellant. | * | |

_____

Submitted: May 10, 2010
Filed:  May 14, 2010

_____

Before BYE, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Vicente Maldonado-Vega appeals his 36-month sentence for  Illegal Re-entry After Removal, arguing the district court[1] imposed an unreasonable sentence.  We affirm.

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

On March 12, 2009, police stopped Maldonado-Vega for a minor traffic violation and arrested him based on an outstanding warrant from Immigration and Customs Enforcement. Maldonado-Vega was charged with, and pleaded guilty to, Illegal Re-Entry After Removal, in violation of 8 U.S.C. § 1326(a), 8 U.S.C. § 1326(b)(2), 6 U.S.C. § 202, and 6 U.S.C. § 557. The parties stipulated to an offense level of 21, a criminal history category of II, and an applicable Guidelines range of 41 to 51 months.

At sentencing, Maldonado-Vega presented evidence he had been living as a law-abiding person and model employee at the time of his arrest. He testified he returned to the United States after removal in order to be with his wife, children, and grandson, who relied on him for support. The presentence investigation report revealed that Maldonado-Vega had previously been convicted of a drug felony and deported twice before his arrest for the instant offense. Maldonado-Vega did not object to the presentencing report and the district court adopted the factual findings therein. The district court varied downward from the Guidelines and sentenced Maldonado-Vega to 36 months in prison, followed by three years of supervised release. Maldonado-Vega appeals the sentence.

We review a district court's imposition of sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009). A district court commits procedural error if it fails to consider a relevant factor set forth in 18 U.S.C. § 3553(a) that should have received significant weight. Id. Maldonado-Vega argues the district court committed procedural error by failing to consider that Maldonado-Vega was living a productive and law-abiding life when he was arrested. The district court adopted the facts contained in the presentencing report, which included all the relevant information. At sentencing, the district court specifically mentioned Maldonado-Vega's family, his criminal history, and his reasons for being in the country. The court stated on record that it had received letters from Maldonado-Vega and his family and indicated it had reviewed those letters. We find the district court

did not commit procedural error because it did not fail to consider any relevant factor under § 3553(a).

If no procedural error has occurred, we determine whether the district court abused its discretion by imposing a substantively unreasonable sentence. Feemster, 572 F.3d at 461. Maldonado-Vega argues his sentence was unreasonable because the district court failed to consider his law-abiding life at the time of his arrest for the instant offense. This is a rehash of the procedural argument and is similarly without merit. The district court discussed Maldonado-Vega's particular circumstances on the record before it imposed sentence, including Maldonado-Vega's criminal history and his prior removals, as well as his family situation. Against the government's recommendation, the court varied downward as a result of its consideration of the § 3553(a) factors. Maldonado-Vega does not point to any authority or to any fact in the record that would support a finding that the district court abused its discretion by not varying downward further under these circumstances.

For the reasons set forth above, we affirm.

_____